IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-456-BO-BM

BRITTANY MONET BAINES, )
)
          Plaintiff, )
)
v. )     O R D E R
)
U.S. DEPARTMENT OF VETERANS )
AFFAIRS (VA), *et al.*, )
)
          Defendants. )

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Brian S. Meyers. [DE 11]. Magistrate Judge Meyers has recommended that plaintiff's motion to proceed *in forma pauperis* be denied and that plaintiff be ordered to pay the filing fee not later than November 14, 2025. Magistrate Judge Meyers further recommends that plaintiff's motion to consolidate be denied and her motions to expedite and compel be denied as moot. Plaintiff has filed an objection to the recommendation of the magistrate judge. [DE 12]. Plaintiff objects to the recommendation that her motion to proceed *in forma pauperis* be denied, objects to an implied deficiency in service, objects to the denial of the motion to expedite as moot, and objects to the denial of the motion to consolidate. Plaintiff asks that the Court reject the memorandum and recommendation in part, grant her motion to proceed *in forma pauperis* or allow her to make partial payments, recognize that her service on defendants was substantially compliant, grant the motion to expedite, reconsider the motion to consolidate or reassign the case to the undersigned, and permit the case to proceed on the merits. *Id.*

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

On November 14, 2025, plaintiff paid the filing fee. Accordingly, her motion to proceed *in forma pauperis* [DE 2] is DENIED AS MOOT. The Court has considered plaintiff's objection to the recommendation that her motion to consolidate be denied, and her objection is overruled. Plaintiff seeks to consolidate this case with another case that she has filed, *Baines v. Carrington Mortgage Services, LLC*, No. 5:25-cv-297-BO-BM. Rule 42(a) of the Federal Rules of Civil Procedure permits consolidation of actions involving common questions of law or fact. This Court has broad discretion in determining whether to consolidate actions pending before it. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). The Court agrees with Magistrate Judge Meyers that the two actions are not sufficiently related to warrant consolidation, and that consolidation would increase the risk of confusion rather than promote

economy. *See Thorpe v. Barrow*, No. 5:15-CT-3016-FL, 2016 WL 6768937, at *3 (E.D.N.C. Nov. 15, 2016). Moreover, this action was previously assigned to Chief United States District Judge Richard E. Myers, II, but it was reassigned to the undersigned on November 6, 2025. [DE 13]. Accordingly, plaintiff's alternative request for relief, reassignment to the undersigned, who presides over the *Carrington Mortgage Services* case, has occurred. Accordingly, the motion to consolidate [DE 8] is DENIED.

Finally, the Court has considered plaintiff's objections to the recommendation that her motions to expedite and compel ruling be denied as moot, and her objections are overruled. In her motion to expedite review, plaintiff asks the Court to waive defendants' time for responding to the complaint and prioritize review of her case. To the extent this motion has not been mooted by a decision on plaintiff's motion for leave to proceed *in forma pauperis*, plaintiff has demonstrated no grounds for accelerating or prioritizing her case. The motion to expedite is denied. Plaintiff's motion to compel ruling on her motion to proceed *in forma pauperis* is denied as moot. Her request for clarification regarding the validity of any service is denied.

Accordingly, plaintiff's motion for leave to proceed *in forma pauperis* [DE 2] is DENIED AS MOOT. The memorandum and recommendation [DE 11] is ADOPTED IN PART. Plaintiff's motions to expedite [DE 4] and compel ruling [DE 10] are DENIED AS MOOT. Plaintiff's request for clarification regarding service [DE 10] is DENIED. Plaintiff's motion to consolidate [DE 8] is DENIED.

SO ORDERED, this ___ day of November 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE